1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PAMELA K. CRITCHFIELD
   Deputy Attorney General
5  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
6  State Bar No. 117315
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-3664
    Telephone: (415) 703-1362
8   Fax: (415) 703-1234
    Email: peggy.ruffra@doj.ca.gov
9  Attorneys for Respondent

10                IN THE UNITED STATES DISTRICT COURT

11                FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

| | |
|---|---|
| **FLORENCIO VALLEJO,** | C 07-4536 JSW |
| Petitioner, | **REPLY TO OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| **KEN CLARK, Warden,** | |
| Respondent. | |

19      Petitioner has filed an opposition to respondent's motion to dismiss his habeas corpus

20  petition for failure to comply with the statute of limitations in 28 U.S.C. § 2244(d). While the exact

21  basis for his opposition is unclear, it appears that he seeks equitable tolling on grounds that he does

22  not speak English and has had difficulty finding a translator, and that his attorney committed error

23  by failing to file an appeal on his behalf. Respondent hereby replies to the opposition.

24      The Supreme Court has not yet decided whether equitable tolling is applicable to

25  AEDPA's statute of limitations. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Lawrence v.*

26  *Florida*, 127 S.Ct. 1079, 1085 (2007). In *Pace*, the Supreme Court held that, assuming without

27  deciding that equitable tolling is available, "a litigant seeking equitable tolling bears the burden of

28  establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way." *Id.*; *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). "In this circuit, equitable tolling is warranted only by extraordinary circumstances beyond the petitioner's control which made it impossible to file a timely federal habeas petition." *Fail v. Hubbard*, 315 F.3d 1059, 1061-1062 (9th Cir. 2002).[1] In addition, the alleged extraordinary circumstances must have "proximately caused" the late filing. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of showing that equitable tolling is warranted in his case, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1065-1066 (9th Cir. 2002).

Petitioner relies primarily on *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006). In that case, the Ninth Circuit held that the "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances" sufficient to justify equitable tolling in the appropriate circumstances. *Id*. at 1069. The Court agreed with other circuits that have "rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but have recognized that equitable tolling may be justified if language barriers actually prevent timely filing." *Id*. The Court concluded that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id*. at 1070. Conversely, "a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." *Id*.

In this case, petitioner alleges that the prison law library does not contain legal materials in Spanish, and does not employ a Spanish-speaking librarian. Opposition at 11. Petitioner also states that he "barely" reads or writes in Spanish. *Id*. at 12. His current opposition

---

1. It is unclear whether the hypothetical Supreme Court standard differs from the Ninth Circuit in any meaningful way. *See Harris v. Carter*, 515 F.3d 1051, 1054-1055 (9th Cir. 2008), pet. for cert. filed July 14, 2008; *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n. 5 (9th Cir. 2005).

*Vallejo v. Clark* - Reply to Opp. to Mo. to Dismiss - C 07-4536 JSW

was prepared by another inmate, Alfredo Ramirez. Opposition at 12.

Assuming arguendo that petitioner's allegations are true, his case is clearly distinguishable from *Mendoza,* because petitioner *did* obtain translation assistance before the one-year deadline expired. Unlike Mendoza, who was unable to challenge his conviction in any court until almost two years after the limitations period had expired, petitioner began filing petitions in state superior court just one month after the limitations period began. Indeed, petitioner acknowledges in his petition that he "was very fortunate to be placed in Folsom State Prison so quickly and find someone who could file a notice of appeal through a habeas corpus, only twenty three days after the sixty day deadline. Due to the fact petitioner doesn't read or write English or Spanish, and therefore has no knowledge of the law, he was also very fortunate to find someone he could trust, especially since the charges are sensitive and inflammatory in nature, as they deal with a minor." Petition at 7. In addition, petitioner's motion for relief from default in the state appellate court and his petition for writ of habeas corpus in the state supreme court were filed by counsel from the Sixth District Appellate Program, all well within the one-year period. Petition, exh. 3. Those state petitions tolled the statute and extended the deadline to file a timely federal petition to July 28, 2002. Accordingly, petitioner plainly was not stymied in his ability to pursue relief as a result of his alleged inability to speak English. The fact that he then delayed filing additional state and federal petitions until after the extended deadline has expired does not justify equitable tolling. At a minimum, petitioner was aware that he should seek the assistance of a translator in order to comply with court deadlines. He does not specify any attempt after 2001 to make "diligent efforts to procure. . . translation assistance from an inmate, library personnel, or other source." *Mendoza,* 449 F.3d at 1070. In the absence of such diligence, he cannot meet the standard for equitable tolling.

Petitioner also claims his attorney failed to file a notice of appeal as requested. Generally, attorney error does not warrant equitable tolling. *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *Miranda v. Castro,* 292 F.3d at 1066-1067; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). In *Spitsyn v. Moore*, 345 F.3d at 799, the Ninth Circuit held that where counsel's misconduct goes beyond "ordinary attorney negligence" and is "sufficiently egregious," it may constitute an extraordinary circumstance warranting equitable tolling. As noted, the error must have

*Vallejo v. Clark* - Reply to Opp. to Mo. to Dismiss - C 07-4536 JSW

3

1  actually caused the untimely filing. *Id*. Even if petitioner asked counsel to file a notice of appeal
2  and counsel failed to do so, which he has not alleged,[2/] petitioner cannot show that the omission
3  caused him to file his federal petition five years late. Petitioner pursued his available state remedies
4  within the one-year period, even without a direct appeal. It was his subsequent delay in filing his
5  federal petition that caused the limitations period to expire.

---

23  2. Petitioner does not claim that he asked counsel to file a notice of appeal. Rather, he states that after sentencing he "asked [counsel] about filing an appeal," and counsel said "there were no appeal rights available." Petition, exh. 3, attached declaration. If true, that statement appears to be an accurate assessment of California law, which strictly limits the grounds for appeal after a guilty plea. Cal. Penal Code § 1237.5; Cal. Rules of Court, rule 8.304(b); *see Roe v. Flores-Ortega,* 528 U.S. 470 (2000) (where counsel has consulted with defendant about his appeal rights, counsel performs in a professionally unreasonable manner "only by failing to follow the defendant's express instructions with respect to an appeal"). Here, petitioner pled guilty to a number of sex offenses against his minor stepdaughter, who gave birth to his child. He does not identify what grounds for an appeal would have been available to him under the circumstances.

*Vallejo v. Clark* - Reply to Opp. to Mo. to Dismiss - C 07-4536 JSW

4

**CONCLUSION**

For the reasons stated in this reply and in the motion, respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice for failure to comply with the statute of limitations in 28 U.S.C. § 2244(d).

Dated:  July 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PAMELA K. CRITCHFIELD
Deputy Attorney General

**/s/ Peggy S. Ruffra**

PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Respondent

## DECLARATION OF SERVICE BY MAIL

Case Name: *Florencio Vallejo v. Adams*
Case No. **C 07-4536 JSW**

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 23, 2008, I served the attached

### REPLY TO OPPOSITION TO MOTION TO DISMISS

in the internal mail collection system at the Office of the Attorney General,455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business in a sealed envelope, postage fully prepaid, addressed as follows:

Florencio P. Vallejo
P-71999
SATF
P.O. Box 5242
Corcoran, CA 93212

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on July 23, 2008, at San Francisco, California.

   Denise Neves                                          /s/ Denise Neves
                                                                            Signature